UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

Marcial Napoles,
Isaac F. Nimer,
Jorge Aballe,
and other similarly situated individuals,

      Plaintiffs

v.

Richard A. Souder Masonry, Inc.,
d/b/a Souder Masonry And Concrete,
Florida Green Concrete LLC,
Calix Green and Antwan Green, individually,

      Defendant,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs Marcial Napoles, Isaac F. Nimer, Jorge Aballe, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Richard A. Souder Masonry, Inc. d/b/a Souder Masonry And Concrete, Florida Green Concrete LLC, Calix Green, and Antwan Green, individually, and alleges:

Jurisdiction Venues And Parties

1.  This is an action to recover money damages for unpaid minimum wages and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe are residents of Hillsborough County, Florida, within this Honorable Court jurisdiction.   Plaintiffs are covered employees for purposes of the Act.

3.  Corporate Defendant Richard A. Souder Masonry, Inc. d/b/a Souder Masonry And Concrete (hereinafter Souder Masonry, or Defendant) is a Florida Corporation that performs business Dade County, within the jurisdiction of this Court. Defendant is a construction General Contractor.  At all times, Defendant was and is engaged in interstate commerce.

4.  Corporate Defendant, Florida Green Concrete LLC (hereinafter Florida Green Concrete, or Defendant) is a Florida Corporation that performed business within this Court's jurisdiction.  Defendant is a general contractor, and it was and is engaged in interstate commerce.

5.   The individual Defendants Calix Green and Antwan Green were and are now the owners/partners/officers and managers of Defendant Corporation Florida Green Concrete.

6.   Pursuant to 29 C.F.R. §791.2, Defendants Souder Masonry and Florida Green Concrete are joint employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7.   All the action raised in this complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.

<u>Allegations Common To All Counts</u>

8.   This cause of action is brought by Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe as a collective action to recover from Defendants regular wages, and overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class")who were not paid regular wages, and who worked in excess of forty (40) hours during one or more weeks on 2020, (the "material time") without being adequately compensated.

9. Defendant Souder Masonry is a general Contractor participating in the construction of the "Marina Landings at Westshore Marina District" (hereinafter the Marina Landing Project) located at Westshore Marina District, Tampa, FL 33611. Plaintiffs worked in this location, which is currently under construction.

10. Defendant Florida Green Concrete is a construction company participating in the construction of the Marina Landing Project as subcontractors of Corporate Defendant Souder Masonry.

11. Pursuant 29 C.F.R. §791.2, Souder Masonry and Florida Green Concrete were joint employers of Plaintiffs because: 1) Souder Masonry and Florida Green Concrete through its owners/managers, agents had equal and absolute control over the Plaintiffs and all other employees similarly situated, working in the Marina Landing Project; 2) Supervisors of Souder Masonry and Florida Green Concrete directed, controlled, and supervised the work performed by Plaintiffs; 3) Souder Masonry and Florida Green Concrete through their supervisors, equally assigned duties to Plaintiffs and other employees similarly situated; 4) Souder Masonry and Florida Green Concrete through their managers, jointly and equally determined terms and employment conditions of Plaintiffs and other employees

similarly situated; 4) The work of Plaintiffs simultaneously benefited the two corporations; 5) The work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of Souder Masonry and Florida Green Concrete.

12. Therefore, because the work performed by Plaintiffs and other similarly situated individuals simultaneously benefited all Defendants, and directly or indirectly furthered their joint interest, Defendants Souder Masonry and Florida Green Concrete are joint employers as defined in 29 C.F.R. §791.2. They are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

13. Defendants Souder Masonry and Florida Green Concrete hereinafter will be called collectively Souder Masonry or corporate Defendant.

14. Defendant Souder Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a General Contractor, working in the construction of facilities, providing services to the tourism and hotel industries. Consequently, Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant

obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

15. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

16. Defendants Souder Masonry, Calix Green, and Antwan Green hired Plaintiffs Marcial Napoles, Isaac F. Nimer, Jorge Aballe as non-exempt, hourly construction employees from about August 03, 2020, to September 17, 2020, or 6 weeks.

17. Plaintiffs worked in the Marina Landing Project as construction workers. Plaintiffs' wage rate was set at $16.00 an hour. Plaintiff overtime should be $24.00 an hour.

18. Defendants employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendants did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

19. While employed by Defendants, Plaintiffs worked six days per week, from Monday to Saturday the same schedule, from 7:00 AM to 5:00 PM. (10 hours daily), for a total of 57 hours weekly. Plaintiffs had deducted 30 minutes daily, or 3 hours weekly of lunch break (0.5 x 6 days=3 hours). Thus, Plaintiffs worked a minimum of 52 hours every week. Plaintiffs had already deducted 3 hours corresponding to 0.30 minutes of lunchtime daily (0.5x 6 days=3 hours).

20. Defendant required Plaintiffs to work in excess of 40 hours every week. However, Defendant did not pay Plaintiffs for all their hours worked. During several weeks, Plaintiffs were not paid their regular wages and overtime hours at any rate, not even the minimum wage rate.

21. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

22. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

23. Plaintiffs worked for six consecutive weeks at the Marina Landing Project, but they did not receive their hard-earned wages.

24. Plaintiffs complained many times to the management about their payment for regular and overtime hours. Every time they gave excuses, but they did not correct the problem.

25. On or about September, Plaintiffs were forced to leave their employment with Defendants due to lack of regular wages and overtime compensation.

26. Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe seek to recover any regular unpaid wages and overtime hours accumulated during all his relevant time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

<u>Collective Action Allegations</u>

27. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for regular hours and

overtime hours every at the rate of time and one-half their regular rate.

29. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

<u>**COUNT I:**</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

30. Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe re-adopt every factual allegation stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiffs and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendants Souder Masonry and Florida Green Concrete are joint employers as defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

33. Defendants Souder Masonry and Florida Green Concrete hereinafter will be called collectively Souder Masonry or corporate Defendant.

34. Defendant Souder Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

35. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to interstate commerce services. Therefore, there is FLSA individual coverage.

36. Because of the foregoing, the Employer/Defendant Souder Masonry was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. Defendants Souder Masonry, Calix Green, and Antwan Green hired Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe as non-exempt, hourly construction employees from about August 03, 2020, to September 17, 2020, or 6 weeks.

38. Plaintiffs worked in the Marina Landing Project as construction workers. Plaintiffs' wage rate was set at $16.00 an hour. Plaintiff overtime should be $24.00 an hour.

39. While employed by Defendants, Plaintiffs worked six days per week, from Monday to Saturday, 10 hours daily, a total of 57 hours weekly. Plaintiffs had deducted 30 minutes daily or 3 hours weekly of lunch break (0.5 x 6 days=3 hours).

40. Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. During several weeks, Defendants did not pay Plaintiffs their regular wages and overtime hours at any rate, not even the minimum wage rate.

41. Plaintiffs did not clock in and out, but they were closely monitored, and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

42. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiffs worked for six consecutive weeks at the Marina Landing Project, but they did not receive their hard-earned wages.

44. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiffs for the following periods and owes them unpaid overtime wages as follows:

<u>1.- Overtime Claim of Plaintiff Marcial Napoles</u>

47. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Marcial Napoles as a non-exempted, hourly construction worker from August 03, 2020, to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

48. Plaintiff worked an average of 57 hours weekly, but he was not paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

        Two Thousand Four Hundred Forty-Eight Dollars and 00/100 ($2,448.00)

    b. <u>Calculation of such wages</u>:

        Total Period of Employment:  6 weeks
        Total number of hours worked weekly:  57 hours weekly
        Total number of overtime hours:  17 O/T hours weekly

Total number of unpaid overtime hours: 17 O/T hours weekly
Regular rate:  $16.00 x hour x 1.5 = $24.00 O/T rate
O/T rate: $24.00

O/T rate $24.00 x 17 O/T hours=$408.00 weekly x 6 weeks = $2,448.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the unpaid overtime hours.

<u>2.- Overtime Claim of Plaintiff Isaac F. Nimer,</u>

49. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Isaac F. Nimer as a non-exempted, hourly, construction worker from August 03, 2020 to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

50. Plaintiff worked an average of 57 hours weekly, but he was paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a.  <u>Total amount of alleged unpaid wages:</u>

Two Thousand Four Hundred Forty-Eight Dollars and 00/100 ($2,448.00)

    b.  <u>Calculation of such wages</u>:

        Total Period of Employment:  6 weeks
        Total number of hours worked weekly:  57 hours weekly
        Total number of overtime hours:  17 O/T hours weekly
        Total number of unpaid overtime hours: 17 O/T hours weekly
        Regular rate:  $16.00 x hour x 1.5 = $24.00 O/T rate
        O/T rate: $24.00

        O/T rate $24.00 x 17 O/T hours=$408.00 weekly x 6 weeks = $2,448.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

        This amount represents the unpaid overtime hours.

<u>3.- Overtime Claim of Plaintiff Jorge Aballe,</u>

51. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Jorge Aballe as a non-exempted, hourly construction worker from August 03, 2020, to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

52. Plaintiff worked an average of 57 hours weekly, but he was paid for all his working hours. Defendants did not pay Plaintiff his overtime hours at the rate of time and one-half his regular rate for every hour worked over 40, as established by the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

Two Thousand Four Hundred Forty-Eight Dollars and 00/100 ($2,448.00)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  6 weeks
Total number of hours worked weekly:  57 hours
Total number of overtime hours:  17 O/T hours weekly
Total number of unpaid overtime hours: 17 O/T hours weekly
Regular rate:  $16.00 x hour x 1.5 = $24.00 O/T rate
O/T rate: $24.00

O/T rate $24.00 x 17 O/T hours=$408.00 weekly x 6 weeks = $2,448.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents the unpaid overtime hours.

53. At all times, the Employers/Defendants Souder Masonry, Calix Green, and Antwan Green failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

54. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by

the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

55. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

56. At the time mentioned, individual Defendants Calix Green and Antwan Green were now the owners/partners/managers of Florida Green Concrete. Defendants Calix Green and Antwan Green were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of Florida Green Concrete concerning its employees, including Plaintiffs and others similarly situated.  Defendants Calix Green and Antwan Green had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

57. Defendants Souder Masonry, Calix Green, and Antwan Green willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant, as set forth above.

58. Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Marcial Napoles, Isaac F. Nimer, Jorge Aballe, and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe, and other similarly situated and against the Defendants Souder Masonry and Florida Green Concrete based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe and those similarly situated demand trial by a jury of all issues triable as right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL**
**DEFENDANTS**

59. Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe re-adopt every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

60. This action is brought by Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states, "Every employer shall pay to each of his employees who

in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

61. Defendants Souder Masonry and Florida Green Concrete are joint employers as defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

62. Defendants Souder Masonry and Florida Green Concrete hereinafter will be called collectively Souder Masonry or corporate Defendant.

63. Defendant Souder Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

64. Plaintiffs were employed by an enterprise engaged in interstate commerce.  Plaintiffs were construction workers participating in the

construction of facilities dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

65. Because of the foregoing, the Employer/Defendant Souder Masonry was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

66. Defendants Souder Masonry, Calix Green, and Antwan Green hired Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe as non-exempted, hourly construction employees from August 03, 2020, to September 17, 2020, or 6 weeks.

67. Plaintiffs worked in the Marina Landing Project as construction workers. The Plaintiffs' wage rate was set at $16.00 an hour.

68. While employed by Defendants, Plaintiffs worked six days per week, a total of 57 hours weekly.  Plaintiffs had deducted 0.30 minutes daily or 3 hours weekly of lunch break (0.5 x 6 days=3 hours).

69. Defendant required Plaintiffs to work more than 40 hours every week. However, Defendant did not pay Plaintiffs for all their hours worked.

70. During several weeks, Defendants did not pay Plaintiffs their regular wages.  There is a substantial number of hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate.

71. Plaintiffs did not clock in and out, but Defendants closely monitored them, and they were able to track the hours worked by Plaintiffs and other similarly situated employees.

72. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of the Fair Labor Standards Act.

73. On or about September 17, 2020, Plaintiffs were forced to leave their employment because they worked, but they did not receive their hard-earned wages.

74. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

75. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

76. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiffs for the following periods, and owes them minimum wages as follows:

<u>1.- Minimum Wages Claim of Plaintiff Marcial Napoles</u>

77. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Marcial Napoles as a non-exempted, hourly construction worker from August 03, 2020, to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

78. Plaintiff worked an average of 57 hours weekly, but Defendants did not pay Plaintiff his regular wages for six weeks, in violation of the Fair Labor Standards Act.

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
   * Florida's minimum wage for 2020 is $8.56, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Two Thousand Fifty-Four Dollars and 40/100 ($2,054.40)

   b. <u>Calculation of such wages</u>:

      Total Period of Employment:  6 weeks
      Total number of hours worked weekly:  57 hours
      Total number of unpaid weeks: 6 weeks
      Regular rate:  $16.00
      Fl. Minimum wage rate: $8.56 an hour

FL min. wage $8.56 x 40 hours=$342.40 weekly x 6 weeks=$2,054.40

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the regular unpaid wages at Florida Minimum wage rate.

<u>2.- Minimum Wages Claim of Plaintiff Isaac F. Nimer</u>

79. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Isaac F. Nimer as a non-exempted, hourly, construction worker from August 03, 2020 to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

80. Plaintiff worked an average of 57 hours weekly, but Defendants did not pay Plaintiff his regular wages for six weeks, in violation of the Fair Labor Standards Act.

 *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
 * Florida's minimum wage for 2020 is $8.56, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages:</u>

Two Thousand Fifty-Four Dollars and 40/100 ($2,054.40)

b. <u>Calculation of such wages:</u>

Total Period of Employment:  6 weeks

Total number of hours worked weekly:  57 hours
Total number of unpaid weeks: 6 weeks
Regular rate:  $16.00
Fl. Minimum wage rate: $8.56 an hour

FL min. wage $8.56 x 40 hours=$342.40 weekly x 6 weeks=$2,054.40

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the regular unpaid wages at Florida minimum wage rate.


<u>3.- Minimum Wages Claim of Plaintiff Jorge Aballe,</u>

81. Defendants Souder Masonry, Calix Green, and Antwan Green employed Plaintiff Jorge Aballe as a non-exempted, hourly construction worker from August 03, 2020, to September 17, 2020, or 6 weeks. Plaintiff's wage rate was $16.00 an hour.

82. Plaintiff worked an average of 57 hours weekly, but Defendants did not pay Plaintiff his regular wages for six weeks, in violation of the Fair Labor Standards Act.

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.
* Florida's minimum wage for 2020 is $8.56, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a.  <u>Total amount of alleged unpaid wages:</u>

Two Thousand Fifty-Four Dollars and 40/100 ($2,054.40)

    b. <u>Calculation of such wages</u>:

      Total Period of Employment: 6 weeks
      Total number of hours worked weekly: 57 hours
      Total number of unpaid weeks: 6 weeks
      Regular rate: $16.00
      Fl. Minimum wage rate: $8.56 an hour

      FL min. wage $8.56 x 40 hours=$342.40 weekly x 6 weeks=$2,054.40

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents the regular unpaid wages at Florida Minimum wage rate

83. Defendants Souder Masonry, Calix Green, and Antwan Green unlawfully failed to pay minimum wages to Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe.

84. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs" employment with Defendant as set forth above. Plaintiffs are entitled to recover double damages.

85. At the time mentioned, individual Defendants Calix Green and Antwan Green were now the owners/partners/managers of Florida Green Concrete. Defendants Calix Green and Antwan Green were the

employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in Florida Green Concrete's interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Calix Green and Antwan Green had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

86. Defendants Souder Masonry, Calix Green, and Antwan Green willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States and remain owing Plaintiffs these minimum wages as set forth above.

87. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiffs and against the Defendants Souder Masonry, Calix Green, and Antwan Green based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Marcial Napoles, Isaac F. Nimer, Jorge Aballe, and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**FEDERAL STATUTORY VIOLATION: RETALIATORY**
**CONSTRUCTIVE DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3),**
**AGAINST ALL DEFENDANTS**

88. Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe re-adopt every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

89. Defendants Souder Masonry and Florida Green Concrete are joint employers as defined in 29 C.F.R. §791.2. and they are jointly and

severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

90. Defendants Souder Masonry and Florida Green Concrete hereinafter will be called collectively Souder Masonry or corporate Defendant.

91. Defendant Souder Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

92. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

93. Because of the foregoing, the Employer/Defendant Souder Masonry was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

94. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

95. 29 U.S.C. § 206 (a) (1) states "....an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

96. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Chapter".

97. Defendants Souder Masonry, Calix Green, and Antwan Green hired Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe as non-exempted hourly construction employees from about August 03, 2020, to September 17, 2020, or 6 weeks.

98. Plaintiffs worked in the Marina Landing Project as construction workers. Plaintiffs' wage rate was set at $16.00 an hour. Plaintiff overtime should be $24.00 an hour.

99. While employed by Defendants, Plaintiffs worked six days per week, from Monday to Saturday, a total of 57 hours weekly.

100.     Defendants required Plaintiffs to work more than 40 hours every week.  However, Defendants did not pay Plaintiffs for all their hours worked. During several weeks, Defendants did not pay

Plaintiffs their regular and overtime hours at any rate, not even the minimum wage rate.

101.     Plaintiffs did not clock in and out, but they were closely monitored by Defendants, and they were able to track the hours worked by Plaintiffs and other similarly situated employees.

102.     Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

103.     Plaintiffs worked for six consecutive weeks at the Marina Landing Project, but they did not receive their hard-earned wages.

104.     Plaintiffs complained many times to the management about the lack of payment for regular and overtime hours, every time they gave excuses, but they did not correct the problem.

105.     On or about September 17, 2020, Plaintiffs were forced to leave their employment with Defendants due to lack of payment for regular wages and overtime hours.

106.    Defendants denied the payment of regular and overtime hours, and Plaintiffs could not continue working 57 hours weekly without adequate payment.

107.    Thus, on or about September 17, 2020, Plaintiffs were constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and Plaintiffs were forced to resign.

108.    At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs constructively.

109.    At the time mentioned, individual Defendants Calix Green and Antwan Green were and are now the owners/partners/managers of Florida Green Concrete. Defendants Calix Green and Antwan Green were the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in Florida Green Concrete's interests concerning its employees, including Plaintiffs and others similarly situated.  Defendants Calix Green and Antwan Green had financial and operational control of the business, and they are jointly and severally liable for the Plaintiffs' damages.

110.    The motivating factor which caused the Plaintiffs' constructive discharge as described above was their complaints seeking unpaid regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been constructively discharged but for their complaints about unpaid regular and overtime wages.

111.    The Defendants' constructive discharge of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

112.    Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiffs Marcial Napoles, Isaac F. Nimer, Jorge Aballe respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants Souder Masonry, Calix Green, and Antwan Green, that Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe recover compensatory damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B.  That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

C.  Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D.  Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe further pray for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiffs Marcial Napoles, Isaac F. Nimer, and Jorge Aballe demand trial by a jury of all issues triable as of right by a jury.

Dated:  February 23, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*